## HARVEY & a. *v.* REEDS & a.

Where a suit is brought against I. B. L. & a., and his real estate attached
upon it, but the summons was delivered to I. L., who finding it directed to
I. B. L. gave it to him; it was *held*, that, I. B. L., might properly enter
an appearance to protect his interests, the suit being entered against him in
court, and the writ having been amended at the first term by striking out
the name of I. B. L. and inserting that of I. L. it was *held* that ordinarily
the defendant I. B. L. would be entitled to costs of that term, but it having
been continued to the third term without the costs being taxed, and the
plaintiff then resisting the allowance of any costs, the judge allowed the defend-
ant costs for each term. It was *held*, that this court would not interfere
with this exercise of discretion by the presiding judge.

In the writ by George K. Harvey against Joseph Reed, Abigail
Reed and Isaac Loveland the defendants are described as Joseph
Reed, Abigail Reed and *Israel B.* Loveland, and their names are so
entered upon the trial docket. The officers return shows that he at-
tached the real estate of the said *Israel B.* Loveland by leaving an
attested copy of the writ and of his return of such attachment there-
on at the dwelling house of the town clerk of the town in which
such real estate is situate. The summons was given by the officer to
*Isaac* Loveland, who finding not his own but *Israel B.* Loveland's
name therein handed it to said Israel B. Israel B. Loveland went
to the town clerk's office and ascertained that his real estate was at-
tached upon the writ, and thereupon employed Messrs. Wheeler &
Faulkner, counsellors of this court, to appear for him and protect
his interests. Wheeler & Faulkner were not employed by Isaac
Loveland and did not appear for him.

The action was entered at the term of court which commenced on
the 20th day of October, 1868, at which term Messrs. Wheeler &
Faulkner entered their appearance. At that term on the 29th day of
October, the plaintiffs were permitted by the court to amend their
writ by striking out the name of Israel B. Loveland and inserting the
name of Isaac Loveland. At this term, Messrs. Wheeler & Faulk-
ner moved that said Israel B. Loveland be discharged with costs,
which motion was granted with the order that the plaintiffs should
tax no costs against the said Israel B. Loveland, and should pay to
him the taxable costs for his travel and attendance from the com-
mencement of the suit, including the present term. To this order
of the court the plaintiffs excepted.

*Woodward & Willington*, for plaintiffs.

*Wheeler & Faulkner*, for defendants.

BELLOWS, C. J. From the case, it appears, that the suit was
against Israel B. Loveland with others ; that his real estate was attach-

ed and the action entered in court against him, and although the sum mons was delivered to Isaac Loveland who was the party really intended to be sued, we think, that Israel B. to whom Isaac delivered the summons, supposing it intended for him, might properly enter his appearance to protect himself against any judgment that might be rendered.

It is said, that no valid service was made upon him, and he therefore had no occasion to appear. But the same might be said in very many cases, when the writ is abated or quashed for some defect in the service, and yet the defendant is regarded as a party, properly in court and entitled to costs.

In this case, the writ was sued out against the defendant, his property attached and the action entered against him, and we have no doubt, that he might properly protect his interests by becoming a party in court. After the entry, the plaintiff amended his writ by leave of court by striking out the name of Israel B. Loveland and inserting that of Isaac Loveland. It was in effect a discontinuance or nonsuit as to Israel B. and he was fairly entitled to the costs of the term, and ordinarily no more. If the proper entry was made upon the docket at that term, showing that the suit was ended as to Israel B. by nonsuit or otherwise, his costs ought to have been taxed and judgment rendered as of that term, as in the ordinary case of a nonsuit or default. If this was not done, and the cost not taxed until a subsequent term, the court generally would be disposed to tax the cost only of the term when the plaintiff so became nonsuit, but this would be within the discretion of the presiding judge.

If the taxation was omitted until the third term, as in this case, and then it was resisted by the plaintiff upon the ground, that the defendant was not entitled to any cost, then, if the judge thought it proper to allow more than the costs of the first term, we should not be inclined to interfere with such exercise of discretion.

If the amendment was actually made at that term, and entered upon the docket, it might fairly be regarded as putting an end to the suit against Israel B. Loveland, and regularly his costs ought then to have been taxed. The omision to do it, might very properly have been considered by the judge, in determining what costs he should allow, and it is to be presumed, that due weight was given to that circumstance.

The result is that we are not inclined to revise the taxation and the

*Exception is overruled,*